UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DUANE HALL,

             Plaintiff,

      v.

FLUOR HANFORD, INC.,

             Defendant.

No. CV-08-5029-EFS

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING AND DENYING AS MOOT DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

Before the Court, without oral argument[1], are Defendant's Rule 12(b)(6) Motion to Dismiss (Ct. Rec. 9) and Plaintiff's Motion to Amend Complaint (Ct. Rec. 21). Defendant argues that Plaintiff fails to state an Americans with Disabilities Act (ADA) discrimination claim and, therefore, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6), followed by dismissal of the state law claims pursuant to 28 U.S.C. § 2367(c)(3). Plaintiff contends that the

---

[1] Defendant set its motion to be heard without oral argument. (Ct. Recs. 11 & 12.) The Court later set it to be heard with oral argument. (Ct. Rec. 17.) After reviewing Plaintiff's Motion to Amend Complaint, however, the Court finds oral argument on both motions is unwarranted. LR 7.1(h)(3).

ORDER ~ 1

1 Complaint is sufficient as plead but seeks leave to amend if the Court

2 finds a pleading flaw.  After reviewing the submitted materials and

3 applicable authority and hearing from counsel, the Court is fully

4 informed.  For the reasons given below, the Court grants Plaintiff's

5 motion and denies Defendant's motion.

6 **A.   Facts[2]**

7    Plaintiff began working for Defendant in 1999 as a nuclear chemical

8 operator (NCO) trainee and then later as a NCO journeyman. (Ct. Rec. 7

9 ¶ 4.5.)  Plaintiff received treatment for psoriasis periodically between

10 2003 and 2006.  *Id.* ¶¶ 4.6, 4.7, & 4.11.   In June 2006, Defendant

11 referred Plaintiff to AdvanceMed Hanford ("AdvanceMed") for a medical

12 evaluation. *Id.* ¶ 4.13.  AdvanceMed cleared Plaintiff to return to work

13 with  two  restrictions:   (1)  Plaintiff  could  not  work  where  skin

14 contamination was likely to occur to his gluteal area and (2) he could

15 not work in temperatures above 72 degrees if he was required to wear

16 multiple layers of protective clothing.  *Id.*  Two weeks later, Defendant

17 again  requested  AdvanceMed  perform  a  work  suitability  evaluation.

18 AdvanceMed's conclusions were essentially the same as before - Plaintiff

19 could return to work subject to the above two conditions.  *Id.* ¶ 4.14.

20    Defendant  informed  Plaintiff  on  August  1,  2006,  that  these

21 restrictions could not be accommodated, that no other jobs at the 500-

22 plus-employee company were available, and to go home.  *Id.* ¶¶ 4.3 &

23 4.15.  For the next year-and-a-half, Defendant did not allow Plaintiff

24

25    [2]   The "Facts" section was developed construing the alleged

26 facts in Plaintiff's favor.  *See Broam v. Bogan*, 320 F.3d 1023,

1028 (9th Cir. 2003).

ORDER ~ 2

1  to return to work because AdvanceMed's findings resulting from the three

2  follow-up medical evaluations continued to be the same. *Id.* ¶¶ 4.16-

3  4.30.

4      After Plaintiff received a right-to-sue notice from the EEOC in

5  February 2008, Defendant offered Plaintiff full-time employment, which

6  Plaintiff accepted. *Id.* ¶¶ 4.29 & 4.30. This lawsuit followed.

7  **B.   Dismissal Standard**[3]

8      A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency

9  of the pleadings. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).

10 A complaint may be dismissed for failure to state a claim under Rule

11 12(b)(6) where the factual allegations do not raise the right to relief

12 above the speculative level. *Bell Atl. v. Twombly*, 127 S. Ct. 1955,

13 1965 (2007). Conversely, a complaint may not be dismissed for failure

14 to state a claim where the allegations plausibly show that the pleader

15 is entitled to relief. *Id.* In ruling on a motion pursuant to Rule

16 12(b)(6), the court may generally consider only the allegations

17 contained in the pleadings, exhibits attached to the complaint, and

18 matters properly subject to judicial notice; the court must construe

19 these matters in the light most favorable to the plaintiff and must

20 accept all material allegations in the complaint, as well as any

21

22      [3]  The parties dispute whether *Bell Atlantic v. Twombly*, 127

23  S. Ct. 1955 (2007), applies to this action.   This Court concludes

24  that *Twombly*'s requirement that a complaint must plead enough facts

25  "to raise the right to relief above the speculative level" applies

26  to this Rule 12(b)(6) motion. *See id.* at 1965.

   ORDER ~ 3

reasonable inferences drawn therefrom.  *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007); *Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).  Motions to dismiss are viewed with disfavor and are rarely granted.  *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986).

**B.   ADA Claim**

Defendant seeks dismissal of Plaintiff's ADA claim because (1) Plaintiff pled himself out of an ADA claim by alleging that he "is not a 'qualified individual with a disability' within the meaning of 42 U.S.C. § 12111(8)" and by failing to address this argument and (2) Plaintiff failed to plead facts to support a finding that Defendant regarded Plaintiff as suffering from a physical impairment that substantially limited his ability to work.

   1.   Qualified Individual with a Disability

A successful ADA claimant must show that he is a "qualified individual with a disability," along with showing that his employer was a covered entity and that the employer discriminated against him because of this disability.  42 U.S.C. § 12112; *see also Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) ("An ADA plaintiff bears the burden of proving that she is a 'qualified individual with a disability.'"); *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 193 (2002). Section 12111(8) defines a "qualified individual with a disability" as:

> an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. . . .

42 U.S.C. § 12111(8).  In turn, a disability is:

ORDER ~ 4

        (a) a physical or mental impairment that substantially limits
        one or more of the major life activities of such individual;
        (b) a record of such an impairment; or
        (c) being regarded as having such an impairment.

42 U.S.C. § 12102(2); *Deppe v. United Airlines*, 217 F.3d 1262, 1265 (9th

Cir. 2000); 29 C.F.R. § 1630.2(g).

    In Second Amended Complaint paragraphs 4.10 and 5.1, Plaintiff

alleges that Defendant regarded his psoriasis as a physical impairment

that substantially limited his ability to work.  (Ct. Rec. 7.)

Paragraph 4.8 of the Second Amended Complaint (consistent with the

original Complaint and the Amended Complaint) states, however,  "As a

result of this psoriasis condition, Mr. Hall *is not* a 'qualified

individual with a disability' within the meaning of 42 U.S.C. §

12111(8)." *Id.* (emphasis in original).  In his motion to amend,

Plaintiff asserts that the phrase "[a]s a result of this psoriasis

condition" indicates that he is conceding that his psoriasis is not a

physical impairment that substantially limits his a major life activity.

The Court finds paragraph 4.8 ambiguous and confusing.  In isolation,

Defendant reasonably read paragraph 4.8 as conceding the required ADA

"qualified individual with a disability" element.  However, such an

interpretation of paragraph 4.8 runs contrary to the remainder of the

complaint, in particular paragraphs 4.9, 4.10, and 5.1, which clearly

set forth an ADA "regarded as" claim.

    Plaintiff seeks leave to amend paragraph 4.8; Defendant maintains

that Plaintiff waived the ability to correct paragraph 4.8 because

Plaintiff failed to address paragraph 4.8's deficiencies in his response

to Defendant's motion.  Under certain circumstances, a failure to oppose

an argument permits an inference of acquiescence and "acquiescence

 ORDER ~ 5

operates as a waiver." *Cincinnati Ins. Co v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001).[4]  Here, however, the Court finds good cause to allow Plaintiff to amend his complaint under Federal Rule of Civil Procedure 15.[5]  Absent paragraph 4.8, the complaint clearly put Defendant on notice that Plaintiff was pursuing an ADA "regarded as" claim. Accordingly, the Court finds Plaintiff's failure to address Defendant's argument regarding paragraph 4.8 in his opposition does not preclude Plaintiff from seeking leave of Court to amend - the Court grants such leave.  Plaintiff shall file a Third Amended Complaint no later than October 2, 2008.

    2.   "Regarded As"

    There are two ways in which an employee may be regarded as disabled:

> (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, non-limiting impairment substantially limits one or more major life activities.  In both cases, it is necessary that a covered entity entertain misperceptions about the individual-it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting.

---

[4]  Defendant also relies upon *Image Technical Services v. Eastman Kodak Co.*, 903 F.2d 612, 615 n.1 (9th Cir. 1990).  *Image Technical Services* is distinguishable, however, as it addressed a different issue - what issues the Ninth Circuit will address on appeal.

[5]  Leave to amend a complaint should be "freely" given "when justice so requires."  FED. R. CIV. P. 15(a)(2).

ORDER ~ 6

1

2   *Sutton v. United Air Lines*, 527 US. 471, 489 (1999).   The Court

3   understands this lawsuit to involve the latter "regarded as" claim.

4   Therefore, to survive Defendant's motion to dismiss the "regarded as"

5   claim, Plaintiff must allege sufficient facts to support a finding that

6   (1) Plaintiff had a physical impairment and (2) Defendant subjectively

7   believed that this impairment substantially limited Plaintiff's ability

8   to work.   *See Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1006 (9th

9   Cir. 2007).

10       Based   on   the   proposed   Third   Amended   Complaint,   the   Court

11   understands Plaintiff's position to be that his psoriasis was a physical

12   impairment, but that this impairment is not a substantially limiting

13   impairment as defined by 42 U.S.C. § 12102(2).   Accordingly, the Court

14   denies Defendant's motion.

15       The next issue is whether the complaint alleges sufficient facts to

16   support a finding that Defendant regarded Plaintiff's actual, non-

17   limiting psoriasis impairment as substantially limiting the major life

18   activity   of   working.    EEOC   regulations   specify   that   a   person   is

19   "substantially limited" in the major life activity of working if he is:

20       significantly restricted in the ability to perform either a
         *class of jobs* or a *broad range of jobs* in various classes as
21       compared to the average person having comparable training,
         skills and abilities. The inability to perform a single,
22       particular job does not constitute a substantial limitation in
         the major life activity of working.

23   29 C.F.R. § 1630.2(j)(3)(i) (emphasis added); *Coons v. Sec'y of U.S.*

24   *Dep't of Treasury*, 383 F.3d 879, 885 n.1 (9th Cir. 2004); *see Walton*,

25   492 F.3d at 1009.   A "class of jobs" includes "the number and types of

26   jobs utilizing similar training, knowledge, skills or abilities, within

ORDER ~ 7

[the employee's] geographical area," 29 C.F.R. § 1630.2(j)(3)(ii)(B);

whereas, a "broad range of jobs" includes "the number and types of other

jobs not utilizing similar training, knowledge, skills or abilities

within that geographical area," *id.* § 1630.2(j)(3)(ii)(C).  Whether an

employee is regarded as disabled in the major life activity of working

involves a subjective determination; while, what constitutes a class or

a broad range of jobs is an objective determination.  *Jones v. United*

*Parcel Serv.*, 502 F.3d 1176 (10th Cir. 2007).

   Defendant maintains Plaintiff pled himself out of an ADA "regarded

as" claim by pleading that "Defendant refused to allow [Plaintiff] to

work as a Nuclear Chemical Operator [NCO] on account of his psoriasis."

(Ct. Rec. 7 ¶ 5.1.)  Defendant maintains this alleged fact, even if

true, evidences that Defendant only regarded Plaintiff as unable to

perform a single, particular job - and not substantially limited in the

major life activity of working.  The Court does not read the Complaint

so narrowly.

   In addition to pleading that Defendant would not allow him work as

a NCO journeyman, Plaintiff alleges Defendant, an employer of over 500

people, did not consider Plaintiff qualified because of his psoriasis

for any other available jobs for approximately one-and-a-half years.

Although Plaintiff resided in a community of approximately 150,000,

Plaintiff was employed in a specialized field.  The Court finds

Plaintiff pled sufficient facts to satisfy the notice-pleading

requirements for an ADA "regarded as" substantially limited in the major

life activity of working claim.  Whether Plaintiff can present

sufficient evidence, notwithstanding AdvanceMed's evaluations, that

ORDER ~ 8

Defendant subjectively believed his psoriasis substantially limited his ability to work in either a class of jobs or a broad range of jobs is a matter for summary judgment.

**C.    State Law Claims**

Because the Court denies Defendant's request to dismiss the ADA claim, the Court denies as moot Defendant's request to dismiss the state law claims due to lack of supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).

**D.    Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion to Amend Complaint **(Ct. Rec. 21)** is **GRANTED**.    Plaintiff shall file a Third Amended Complaint in order to amend paragraph 4.8 consistent with this Order no later than October 1, 2008.

2.    Defendant's Rule 12(b)(6) Motion to Dismiss **(Ct. Rec. 9)** is **DENIED (ADA) and DENIED AS MOOT (state law claims).**

3.    The September 30, 2008 hearing is **STRICKEN**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this ___29th___ day of September, 2008.


                              ___s/ Edward F. Shea___
                                  EDWARD F. SHEA
                           UNITED STATES DISTRICT JUDGE
    Q:\Civil\2008\5029.dismiss.frm



    ORDER - 9