UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DUANE HALL,<br><br>        Plaintiff,<br><br>    v.<br><br>FLUOR HANFORD, INC.,<br><br>        Defendant. | No. CV-08-5029-EFS<br><br>**ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION** |

    Before the Court, without oral argument, is Defendant Fluor Hanford's Motion to Reconsider Order Denying Motion for Summary Judgment. (Ct. Rec. 226.) After reviewing the submitted material and relevant authority and hearing from counsel, the Court is fully informed. For the reasons given below, the Court grants and denies Defendant's motion in part.

    Defendant asks the Court to reconsider its denial of Defendant's summary judgment motion on the grounds that the Court failed to apply binding Ninth Circuit and Washington authority to central issues. Reconsideration is appropriate if the Court 1) is presented with newly-discovered evidence, 2) committed clear error or the initial decision was manifestly unjust, or 3) if there is an intervening change in

ORDER - 1

controlling law. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997); *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Hawaii 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988). Defendant relies on the second prong, contending that the Court failed to abide by *Kaplan v. City of North Las Vegas*, 323 F.3d 1226 (9th Cir. 2003). The Court acknowledges that it erred when it considered whether Plaintiff Duane Hall could perform the essential NCO functions with reasonable accommodation, and the Court will enter an Order amending this language and analysis. Nonetheless, the Court still denies Defendant summary judgment on the federal adverse employment action claim for the reasons set forth in the amended summary judgment order.

In addition, the Court abides by its decisions that 1) the Washington Supreme Court during the *McClarty*[1] period would have concluded that a "regarded as" individual is entitled to reasonable accommodation and 2) a triable issue of fact exists as to whether Defendant reasonably accommodated Plaintiff under the Washington Law Against Discrimination (WLAD). The Court recognizes that during the *McClarty* period Washington courts found cases analyzing the ADA instructive in regards to construing and applying similar provisions in the WLAD. *See McClarty*, 157 Wn.2d at 228-29. Nonetheless, the Court determines that Washington courts would not have reached the decision that the Ninth Circuit did in

---

[1] *McClarty v. Totem Elec.*, 157 Wn.2d 214 (2006).

ORDER ~ 2

*Kaplan*, but rather would have found persuasive the legal analysis set forth in *Williams v. Philadelphia Housing Authority Police Department*, 380 F.3d 751, 773-777 (3d Cir. 2004), and *Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34 (2006).

For the reasons given above, **IT IS HEREBY ORDERED:** Defendant's Motion to Reconsider Order Denying Motion for Summary Judgment **(Ct. Rec. 226)** is **GRANTED AND DENIED IN PART.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this ___28th___ day of January 2010.

                                            s/Edward F. Shea
                                            EDWARD F. SHEA
                                        UNITED STATES DISTRICT JUDGE

Q:\Civil\2008\5029.deny.reconsid.cont.frm

ORDER - 3