UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DUANE HALL,<br><br>    Plaintiff,<br><br>  v.<br><br>FLUOR HANFORD, INC.,<br><br>    Defendant. | No. CV-08-5029-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** |

  Before the Court is Plaintiff Duane Hall's Motion to Alter or Amend Judgment, ECF No. 266. The Court reviewed the parties' relevant submissions and carefully considered their respective positions. As is explained below, the Court is persuaded that no error was committed, abides by its prior oral rulings, and denies the motion.

  Mr. Hall tried this Americans with Disabilities Act (ADA) and Washington Law Against Discrimination (WLAD) case as a "regarded as" case. Understandably upset by the Court's decision that he failed to prove a "regarded as" claim under either the ADA or WLAD, he asserts that he always met the definition of "actual disability" under the WLAD and that the Court overlooked the evidence adduced at trial and contained in the stipulated facts, ECF No. 147, which proves that he was actually disabled as a result of his psoriasis.

  Pointing to the undisputed existence of psoriasis, Mr. Hall asserts

ORDER - 1

that under the WLAD, Defendant Fluor Hanford, Inc. ("Fluor") was aware of his psoriasis and failed to engage in the interactive process between July 22, 2007, and February 19, 2008, as the WLAD requires. However, the evidence is that both Mr. Hall and his treating physician Dr. Mary Newman asserted that he was able to return to work with no restrictions. This is consistent with his repeated assertions that he was not disabled. Indeed, he was not; Dr. Newman's letter faxed to Fluor said as much, "[Mr. Hall] has no physical handicap . . . [Mr. Hall] is able to go back to work." ECF No. 147 ¶¶ 111 & 152. Putting aside the fact that Mr. Hall obtained that letter months earlier but had not sent it to Fluor, the record establishes that Mr. Hall himself and his attorneys did not assert that he was disabled but rather asserted that Fluor regarded him as disabled. The record did not establish that Fluor regarded him as disabled, and does not establish that Mr. Hall had an actual disability between July 22, 2007, and February 19, 2009.

Alternatively, even if the Court were to find that Mr. Hall was "actually disabled" and the WLAD interactive process was triggered, the record establishes that after Fluor received the faxed copy of the above-quoted return-to-work letter by Dr. Newman, Fluor did engage in an interactive process. However, there were no vacant positions for Mr. Hall. It is accurate that he discovered a posted position which another employee had taken, and Fluor "bumped" him using seniority, but that does not demonstrate a failure by Fluor to engage in the interactive process had it been required to do so under WLAD. Of course, the Court concludes on this record of no disability, that Fluor was not required

to do so.

In summary, the Court concludes that it made no error in its announced decision. Accordingly, **IT IS HEREBY ORDERED**: Plaintiff Duane Hall's Motion to Alter or Amend Judgment, **ECF No. 266**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 26th day of March 2012.


                                s/ Edward F. Shea
                               EDWARD F. SHEA
                         United States District Judge

Q:\Civil\2008\5029.reconsid.enter.judge.frm

ORDER - 3